## ROMERUS PAUL v. MARY J. ROBERTS.

*Widow's liability for family groceries bought in her husband's lifetime.*

A grocer sued a widow for an unpaid balance of an account for family groceries the items of which were charged in a pass-book marked with the name of her husband. The plaintiff introduced testimony tending to show that defendant owned a separate estate ; that the goods were procured and sold on her individual credit, and that she had repeatedly promised payment. Defendant disputed this and the court instructed the jury that if it was so, plaintiff was entitled to recover ; otherwise not. *Held* that the question involved was a question of fact ; that the evidence was relevant, and that defendant could not complain of the instruction.

Error to the Superior Court of Detroit. (Chipman, J.) April 25.—June 13.

ASSUMPSIT. Defendant brings error. Affirmed.

*Alex. D. Fowler* for appellant.

*Otto Kirchner* for appellee.

GRAVES, C. J. Prior to July 2d, 1878, the defendant was a married woman keeping house with her husband and children. At that time he died. Between January 1876 and April 26, 1877, a considerable account was made for family groceries. The items were charged on an ordinary pass book which had endorsed upon it "Mr. Roberts." This suit was brought against Mrs. Roberts to recover the unpaid balance of the account, and the jury found against her. The only dispute was whether the debt was against her or against her husband.

The evidence for the plaintiff consisted in this pass book and his testimony tending to show that she owned a separate estate including the place of residence and that the goods were procured and sold on her individual credit, and moreover, that she had repeatedly promised to make payment. She denied that the articles were obtained on her credit and denied having promised to pay for them. She adduced other evidence tending to show that the goods were furnished in the usual way where the liability rests on the husband as the responsible head of the household.

The learned judge instructed the jury in substance that if she owned a separate estate, and the goods were procured and sold on her credit, and she had promised payment, the plaintiff was entitled to recover; otherwise not. He added instructions and explanations specially applicable to the inquiry, and very favorable to the defendant.

The rulings in regard to evidence were all proper. The whole question was one of fact and the admitted evidence was germane, and in submitting it to the jury the judge gave no instruction of which the defendant has any right to complain. The jury accepted the plaintiff's version and not that of the defendant.

There is no error and the judgment must be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.