## J. HENRY CARSTENS v. ELIZABETH HANSELMAN.

*Married woman—May contract for medical attendance when deserted by her husband—And is liable to suit therefor—Such services are in law " necessaries," the same as food and clothing—Statutes of Michigan have always made liberal provisions to enable deserted wives to act for themselves—And since they have been given control of their own rights, they have had general power to contract concerning their own property— And to sue for all causes of action—And are liable for their torts—Husband who deserts his family, doing nothing for their support—Will be regarded as refusing to perform his wife's contracts for necessaries within the meaning of How. Stat. sec. 6298—Physician and Surgeon— Where maltreatment is claimed of a fractured limb—Jury cannot be allowed to determine the question by an inspection of the limb—Trial court is justified in refusing such inspection, even if requested by the injured party.*

1. Where a physician treated a married woman, whose husband had

deserted her, professionally, and the evidence of contract relations between the parties was sufficient, but her legal capacity to contract for such services was denied,—

*Held,* that no sensible line can be drawn between such a contract and one for food and clothing, and that the same was binding upon her.

2. The statutes of Michigan, prior to the enlargement by legislation of the business rights of married women, contained liberal provisions to enable them, when deserted by their husbands, to act for themselves; and since their rights have been put under their own control they have had *general* power to contract concerning their own property, and have been authorized to sue singly for all causes of action, and made liable to suit for their torts (*Campbell v. White,* 22 Mich. 178; *Paul v. Roberts,* 50 Id. 611); and while not possessing *general* power to make agreements of all kinds, they must necessarily be able to make contracts concerning what it is essential to their safety and security to procure.

3. It is not going out of the way to regard a husband who deserts his family, and does nothing for their support, as refusing to perform the contracts of his wife for necessaries, within the meaning of How. Stat. § 6298.

4. It is not competent to allow a jury to determine for itself whether a physician's course in the treatment of a fractured limb has been proper or improper, and the trial court is fully justified in refusing to permit the jury to inspect the limb for that purpose, even when such inspection is asked for by the injured party.

Error to Wayne. (Jennison, J.) Argued May 7, 1886. Decided May 12, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William L. January* (*S. Larned,* of counsel), for appellant :

Defendant was not liable for the services furnished, but her husband was in law liable, and an action would lie against him for the same.

How. Stat. § 6298, relieves the husband from liability to suit upon any contract made by his wife relating to her *sole* property, and the wife is made liable to suit upon any contract made by her in cases where the husband is not in law liable, or when he refuses to perform such contract.

A married woman's power to contract in this State is not

general, nor can it be extended beyond the constitutional and statutory limitations, and public policy favors holding the husband to his common-law duty in this case, and if he is in law liable he is the party to be sued : *Glover v. Alcott*, 11 Mich. 482 ; *De Vries v. Conklin*, 22 Id. 255 ; *Fisher v. Meister*, 24 Id. 448 ; *Rankin v. West*, 25 Id. 195 ; *Powers v. Russell*, 26 Id. 179 ; *Emery v. Lord*, Id. 431 ; *Snyder v. People*, Id. 106 ; *West v. Laraway*, 28 Id. 465 ; *Clark v. Cox*, 32 Id. 204 ; *Kitchell v. Mudgett*, 37 Id. 84 ; *Johnson v. Sutherland*, 39 Mich. 579 ; *Crittenden v. Schermerhorn*, Id. 661 ; *Morrison v. Berry*, 42 Id. 389 ; *Sherrid v. Southwick*, 43 Id. 515 ; *Kenton Ins. Co. v. McClellan*, Id. 565 ; *Buhler v. Jennings*, 49 Id. 538 ; *Raynes v. Bennett*, 114 Mass. 424 ; *Mitchell v. Treanor*, 11 Ga. 324 ; *Keller v. Philips*, 40 Barb. 390 ; *Ross v. Ross*, 69 Ill. 569 ; *Mayhew v. Thayer*, 8 Gray, 172 : *Reynolds v. Sweetser*, 15 Id. 78 ; *Billing v. Pilcher*, 7 B. Monroe (Ky.) 458 ; *Gill v. Reed*, 5 R. I. 343 ; *Allen v. Aldrich*, 29 N. H. 63.

If the husband does not provide for his wife, he is still liable even though she is provided for against his orders : *Cromwell v. Benjamin*, 41 Barb. 558 ; *Daubney v. Hughes*, 60 N. Y. 187 ; *Woodward v. Barnes*, 43 Vt. 330 ; *Hall v. Weir*, 1 Allen, 261 ; *Cunningham v. Reardon*, 98 Mass. 538 ; *Wood v. O'Kelley*, 8 Cush. 406.

Where a wife deserts her husband without good cause, the husband is not liable : *Munroe Co. v. Budlong*, 51 Barb. 493 ; and where the wife is deserted by the husband without good cause, he ought still to be liable. See, also, *McCutchen v. McGahay*, 11 Johns. 281 ; *Cunningham v. Irwin*, 7 Sarg. & R. (Penn.) 247 ; *Howard v. Whetstone*, 10 Ohio, 365 ; *Hunter v. Boucher*, 3 Pick. 289 ; *Hall v. Hall*, 4 N. H. 462 ; *Quincy v. Quincy*, 10 Id. 272.

Even though husband and wife agree to live apart, he is still bound to provide her with necessaries : *Frost v. Willis*, 13 Vt. 202 ; *Rumney v. Keyes*, 7 N. H. 571 ; *Fenner v. Lewis*, 10 Johns. 38 ; *Lockwood v. Thomas*, 12 Id. 248 ; *Evans v. Fisher*, 10 Ill. 569 ; *Bevier v. Galloway*, 71 Id. 517 ; 2 Bright's Husb. and Wife, 19 ; Story on Contracts, 97 ; *Hodgkinson v. Fletcher*, 4 Camp. 70 ; *Sawyer v. Cutting*, 23 Vt. 486 ; *Black v. Bryan*, 18 Texas, 460.

For the rule when wife is deserted by husband, see Schouler's Dom. Rel. 88, 93.

In all actions for injuries to the person, the injuries upon the person may be shown to the jury and inspected by them : *Mulhado v. Brooklyn City Ry. Co.*, 30 N. Y. 370 ; *Sioux*

*City & R. R. Co. v. Finlayson*, 16 Neb. 578; *Barker v. Town of Perry*, 67 Iowa, 146.

*John G. Hawley*, for plaintiff:

Medical attendance is a *necessary*, and in this State a married woman may contract for family necessaries : *Paul v. Roberts*, 50 Mich. 611; and where there has been a complete abandonment of the wife by the husband she has the same capacity to contract as a *feme sole : Cody v. Phelps*, 47 Mich. 431; *Ayer v. Warren*, 47 Me. 217.

CAMPBELL, C. J.   Plaintiff sued and recovered below for medical services rendered to defendant in the care and treatment of a fractured leg.   It was defended on the double ground of improper treatment and of defendant's disability to contract.   The question concerning the quality of plaintiff's services was submitted to the jury, and no error is assigned on it.   The capacity of defendant to contract is the main question in the case.   The evidence of contract relations was sufficient if she was capable of binding herself.

She was a married woman when the accident happened which disabled her.   Her husband had abandoned her nine or ten years before.   She supported herself by her own exertions.

That the medical services rendered were in a proper sense necessaries cannot be questioned.   As such, it is possible the husband might be responsible.   But he was entirely unknown in this transaction, and was not referred to by any one, and plaintiff had never heard or supposed there was such a person.   Our statutes, before we had any law enlarging the business rights of married women, contained liberal provisions to enable women who were deserted to act for themselves.   Since their rights have been put under their own control, they have had general power to contract concerning their own property, and have been authorized to sue singly for all causes of action, and to be sued separately for all their torts.   Their power to make any kind of purchases on their own credit has been fully recognized : *Paul v. Roberts*, 50 Mich. 611 ; *Campbell v. White*,

22 Id. 178. And while they have not a general power to make agreements of all kinds, we think they must necessarily be able to make contracts concerning what it is essential for their safety and security for them to procure. Section 6298 of Howell's Statutes makes a wife liable to be sued upon any contract on which her husband is not liable, or where he refuses to perform it.

Where a husband utterly deserts his wife, it would be a cruel rule for her if she cannot, in his absence, at least, or in his presence, if he does not himself provide for her, make a binding agreement for any necessary, whether articles to be purchased or professional help, without becoming a public charge. It is not to be expected that physicians and surgeons will always feel bound to render gratuitous treatment to injured persons, and when the occasion is pressing it would be unreasonable to delay until an absent husband is communicated with to learn whether he consents or refuses to assume her contracts. Time will not allow minute inquiries, and humanity will not prompt them. It seems to us that no sensible line can be drawn between contracts for food and clothing and contracts for medical aid. It is not going out of the way to regard a husband who deserts his family, and does nothing for their support, as refusing to perform the contracts of his wife for necessaries. Such stubborn and willful neglect is treated as equivalent to a refusal in most cases of dereliction of duty, and there is no reason for making an exception in such a case as this. We think the contract was binding.

Error is assigned because the court refused to allow defendant to exhibit her injured limb to the jury. The injury occurred several years before, and there was testimony concerning the correctness of the treatment, which necessarily involved medical questions which no jury could be supposed to fully comprehend. It is not competent to allow juries to determine for themselves whether a physician's course has been proper or improper in the treatment of a fractured limb, and the court very properly refused to permit them to inspect it for that purpose. No inspection after an injury is healed,

apart from some knowledge of the character of the injury and the method of treatment, could enable even a medical expert to decide upon the merits or demerits of the attending surgeon. A jury's guessing from such an inspection would be of no value whatever, and any needless exposure would have been, as the court below properly held, improper, if not indecent.

There is no error in the record, and the judgment must be affirmed.

SHERWOOD and MORSE, JJ., concurred. CHAMPLIN, J., did not sit.