RALSTON A. BUCK v. THE ESTATE OF LUCY HAYNES, DECEASED.

*Witness—Facts equally within knowledge of deceased person—Assignment of claim—Evidence—Promise of married woman—Statute of frauds.*

1. The assignor of an account filed against the estate of a deceased person may be asked on cross-examination the purpose of such assignment, and, if shown to have been to make him a competent witness, he cannot testify to the account, if otherwise competent.[1]
2. The promise of a married woman to pay for medical services rendered to her husband is not binding, it not being a contract relating to or benefiting her separate estate.
3. The *verbal* promise of a widow to pay a physician's bill against her husband is void under the statute of frauds. *Ruppe v. Peterson,* 67 Mich. 437.

Error to Clinton. (Smith, J.) Argued April 18, 1889. Decided June 21, 1889.

Claim filed against estate of deceased person, and allowed in part in probate and circuit courts. Claimant brings error. Affirmed, with costs, including $25 for vexatious appeal. The facts are stated in the opinion.

*Fedewa & Lyon,* for appellant.

*John G. Patterson* and *H. & H. E. Walbridge,* for estate.

LONG, J. Claimant purchased an account against Lucy

---

[1] Act No. 139, Laws of 1885, provides that the words "opposite party," as used in How. Stat. § 7545, shall be deemed to include the assignors or assignees of the claim, or any part thereof, in controversy, and in *Stackable v. Estate of Stackable,* 65 Mich. 518, the Court held that the object of this amendment was to prevent the common practice of a claimant against an estate assigning his claim, and thereby becoming eligible as a witness, and defeating the spirit and intent of the original statute.

Haynes, deceased, from Dr. Geo. E. Bliss, which was filed in the probate court as a claim against her estate, May 3, 1888.

The account, as claimed, amounted to $97.75, and was for the services of Dr. Bliss as a physician during the sickness of Mrs. Haynes and her husband.

The claim was allowed at $4.50 in probate court, and claimant appealed to the circuit court, where judgment was entered in his favor for $5.75. He now brings the case to this Court by writ of error.

On the trial Dr. Bliss, the assignor of the account, was produced as a witness by the claimant, and testified that he knew Mr. and Mrs. Haynes in their life-time; that Mr. Haynes died May 15, 1885, and Mrs. Haynes died in June or July, 1887; that he is a physician, and rendered services as such to Mr. and Mrs. Haynes before their death; that he had an account against Mrs. Haynes for such services, and sold it to Mr. Buck, the claimant, and that he then had no interest in the claim.

Witness further testified that, upon one of his visits to Mr. Haynes, Mrs. Haynes told him:

"I want you should attend to him, and do the best you can for him, and I will pay you after harvest."

That he attended him until he died, and during that time he furnished medicines to Mrs. Haynes as well as her husband; that on the eighteenth day of May, after her husband died, he furnished medicines to Mrs. Haynes, when she promised to pay the bills for attendance upon her husband; that on June 24 and July 15 he furnished her medicines, and that she died on the sixteenth day of July, that the whole bill amounted to $97.75, and he had not been paid any part of it.

On his cross-examination, the witness was asked the purpose of his assigning the account to Mr. Buck, and if it was so he could be a witness to prove the account,—if that was not the purpose of the assignment,—and answered:

"I calculated it would leave me free, and I could be a witness if it was necessary."

The court permitted this answer to be given, under objection of counsel for claimant. Error is assigned upon this ruling. All the other assignments of error relate to the charge of the court.

The court was not in error in permitting this question to be answered. If the assignment was only made for this purpose, then Dr. Bliss was not a competent witness to testify to the account, even if he was competent to testify under any circumstances to matters which were equally within the knowledge of the deceased.

It is claimed, however, that, counsel for the administrator not having made objection to the competency of the witness on the ground that the matters to which he was testifying were equally within the knowledge of the deceased, therefore this objection was waived, and the witness could not be questioned as to his motive in making the assignment. The very purpose of the inquiry, however, was to show that the assignment was only colorable, and that he still had an interest in the account, and therefore he was incompetent to testify in relation to it. The court very properly received the evidence.

Error is assigned upon the following portions of the charge of the court:

"As to the medical services of $15 up to April 4, 1885, I think that need not be considered by you. I don't think the plaintiff can recover for that time. I don't think the evidence would authorize a recovery for that. * * *
"Now, had Dr. Bliss been the claimant here against the estate of Mrs. Haynes, he could not have testified to the conversation between herself and him, because that would have been equally within her knowledge. Inasmuch as she is dead, and cannot testify in relation to that matter, the law would not permit him to testify. * * * * *
"There is some testimony here as to some interest that the doctor has taken in this case. Now, if from this testimony you think that this assignment is only colorable, and the

doctor is the real party in interest, then I think his evidence as to the conversations between himself and Mrs. Haynes ought to be stricken out of this case, and ought not to be considered."

Error is also assigned upon the remark of the court, in answer to an inquiry from one of the jurors, as follows:

"It seems that in the probate court only $4.50 was allowed, but now, as it stands here, I charge you that it should be $5.75."

We see no error in this charge of which the claimant ought to complain. If any error was committed by the court, it was not such as prejudiced the rights of the claimant. The matter was left to the jury to say whether Dr. Bliss had any interest in the claim, and, if they found he had no interest in it, then they might consider his testimony as relating to the whole account, except the $15, which the court struck out ; that being the items of the account for services rendered Mr. Haynes before the time of the claimed arrangement with Mrs. Haynes, that she was to be responsible for the bill for future services. Under the undisputed facts in the case, however, all but the $5.75 was for services rendered Mr. and Mrs. Haynes before the death of the husband, and the most of it for services to the husband.

The claimant claimed to recover under an express contract made with Mrs. Haynes to become responsible for this personally, and seeks to charge it against her estate under this contract. She could be bound by no such contract. At the time it was made, if made at all, she was a married woman. It was not a contract relating to her separate property, and her separate estate was not to be benefited by it. It was the debt of the husband, and she could not be made liable out of her separate estate by a promise to become surety for its payment, and her promise, if any was made, after her husband's death, to pay it, would not be binding upon her. It was the promise to pay the debt of another person, not made in writing, and wholly without consideration.

Under the circumstances here shown from the testimony of the doctor himself, clearly he was not a competent witness to prove such a contract, or to prove the account. This part of the case should have been taken from the jury.

What service he rendered Mrs. Haynes after the death of her husband he could recover for, but he was not a competent witness to prove that part of the account, even.

If either party had cause to complain of the ruling of the court, it was the administrator and those interested in the estate, and not the claimant.

The judgment of the court below must be affirmed, with costs.

We think this appeal is vexatious, and, in addition to the taxable costs allowed, the administrator will recover against the claimant the sum of $25.

The other Justices concurred.