KIRT *v.* KROPP.

CONTRACTS—MARRIED WOMEN—INCAPACITY.

> A married woman cannot be held liable to a domestic for services rendered in a house and about a farm the title to which is in the husband, although she, having the management and control of the property, herself employed the servant.

Error to Leelanaw; Corbett, J.  Submitted June 17, 1896.  Decided June 30, 1896.

*Assumpsit* by Caroline Kirt against Mary Kropp for services rendered and money loaned.  From a judgment for plaintiff, defendant brings error.  Reversed.

The defendant was a married woman, living with her husband upon a farm owned by him at the time of the plaintiff's employment.  Plaintiff sued to recover for services as a domestic in the family from 1881 to 1889 and for money loaned to the defendant.  She recovered verdict and judgment.  Defendant's husband deeded the land to her September 3, 1887.  Plaintiff testified that she had conversations with both defendant and her husband as to her employment, and that both promised to pay her.  She did work upon the farm as well as in the house.  The court instructed the jury as follows:

> "If you find from the evidence that Mr. Kropp left the control of the house and the management of the farm to his wife, and that his wife, in pursuance of that business, employed the plaintiff to labor for her, then the plaintiff is entitled to recover against the defendant, Mary Kropp."

*M. B. Pulcipher*, for appellant.

*Alexander McKercher* and *Pratt & Davis*, for appellee.

GRANT, J. (*after stating the facts*). We think the instruction is in conflict with the well-established rule that a married woman can make contracts binding upon her only in reference to her separate estate. She cannot be held liable because she keeps her husband's accounts, handles the money, or even makes contracts for laborers. For her agreements and promises after she became the owner of the land, and for any money loaned to her, she is responsible. Upon this record the court should have instructed the jury that plaintiff could not recover for services rendered before she became the owner of the land.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.