LOCKLUND *v.* BURMAN'S ESTATE.

WITNESSES — COMPETENCY — TRANSACTIONS WITH PERSON SINCE DECEASED.

The agent of the payee of a note who received and indorsed a payment thereon, relied upon to renew the period of limitations, cannot testify to such fact in support of a claim against the estate of the maker of the note after his death (Act No. 30, Pub. Acts 1903).

Error to Wexford; Chittenden, J. Submitted October 18, 1906. (Docket No. 98.) Decided October 29, 1906.

Magnus Locklund presented a claim against the estate of Axel G. Burman, deceased, for the amount of a promissory note. The claim was disallowed in the probate court, and claimant appealed to the circuit court. There was judgment for claimant, and defendant brings error. Reversed.

*E. F. Sawyer*, for appellant.

*Charles Line*, for appellee.

MOORE, J. Mr. Burman died February 11, 1905. The plaintiff presented, as a claim against the estate of Mr. Burman, a note for $308, dated May 14, 1897, payable on demand. There was on the back of the note the following indorsement:

"Received on the within note the sum of twenty-five dollars, this 13th day of April, 1902.

"MAGNUS LOCKLUND.
"By JOHN LOCKLUND,
"His agent and attorney in fact."

The case was appealed to the circuit court where the judge directed a verdict for the plaintiff. Upon the trial it appeared that John Locklund had a written power of

attorney authorizing him, among other things, to receive
and collect all debts due the plaintiff. It is claimed that,
by virtue of such authority, John Locklund received from
Mr. Burman $25, and at the same time made the indorse-
ment on the note. The attorney for defendant discredits
this claim. John Locklund testified to making the collec-
tion and indorsement. They were not shown in any other
way. This testimony was objected to because, in making
the collection and indorsement, John Locklund was act-
ing as the agent of his brother, and was therefore incom-
petent to testify, as Mr. Burman was dead. Counsel are
agreed that the only question involved is whether it was
error to receive this testimony. The statute, so far as is
important here, Act No. 30 of the Public Acts of 1903,
reads:

"No person who shall have acted as an agent in the
making or continuing of a contract with any person who
may have died, shall be a competent witness in any suit
involving such contract, as to matters occurring prior to
the death of such decedent, on behalf of the principal to
such contract against the legal representatives or heirs of
such decedent, unless he shall be called by such heirs or
legal representatives."

Counsel for the appellee insists, and the learned trial
judge entertained the same opinion, that the statute does
not apply to this case. We quote from the brief:

"If John Locklund, agent and attorney of Magnus
Locklund, the plaintiff in this case, made a new contract
with Mr. Burman, the deceased, on behalf of the plaintiff,
or did some act which continued an existing contract be-
tween the plaintiff and the deceased, he certainly would
be barred from testifying, but I contend that he did neither
of these two acts. He certainly made no new contract in
receiving a payment on the promissory note and he did
not continue an existing contract because, without the
payment, it would have continued in force for a period of
one year and over."

We do not agree with counsel. It is true that at the
time it is claimed the payment was made, the statute of

limitations had upwards of a year to run before the note would be outlawed. It is equally true that at the time the note was presented as a claim against the estate, more than six years had elapsed since the note came due, and unless the payment about which John Locklund testified had the effect of continuing the original contract the statute of limitations could be successfully pleaded at the time the note was presented as a claim. Had Mr. Burman made the payment to Magnus Locklund no one would claim the latter could testify. The payment not having been made to the principal but to his agent, is it not clear the agent is also disqualified from testifying? We think John Locklund was prohibited by the statute from testifying to those things which were within the knowledge of Mr. Burman. The case is controlled by the principles stated in *Michels* v. *Underwriters' Ass'n*, 129 Mich. 422; *De Mary* v. *Burtenshaw's Estate*, 131 Mich. 328; *Gustafson* v. *Eger*, 132 Mich. 388; *Wood* v. *Kaufman*, 135 Mich. 6; *Albring* v. *Ward*, 137 Mich. 352; *Finn* v. *Sowders' Estate*, 139 Mich. 623.

Judgment is reversed, and new trial ordered.

CARPENTER, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.