*In re* REIDY'S ESTATE.

DUDECK *v.* WATSON.

1. WITNESSES — STATUTES — ESTATES OF DECEDENTS — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

On the trial of an action against the estate of a decedent for services rendered by the wife of claimant, it was error to admit testimony of the claimant that he knew of the services rendered and looked to deceased for payment. Act No. 30, Pub. Acts 1903.

2. SAME—AGENT OF CLAIMANT.

    As agent of her husband in making the alleged contract for services, testimony of the wife tending to show the making thereof was incompetent under the statute.

3. HUSBAND AND WIFE — ESTATES OF DECEDENTS — CONTRACTS — DISABILITY OF WIFE.

    A wife is not liable for services rendered to her husband in nursing either member of the family during his lifetime, since the contract does not concern her separate estate and the husband alone is liable.

Error to Shiawassee; Miner, J. Submitted April 15, 1910. (Docket No. 150.) Decided July 14, 1910.

John Dudeck presented a claim against the estate of Emma Reidy, deceased, for services rendered. The claim was allowed in the probate court, and John A. Watson, administrator, appealed to the circuit court. A judgment for claimant is reviewed by contestant on writ of error. Reversed.

*John E. Bird*, Attorney General, and *J. Shurly Kennary*, Assistant Attorney General, for appellant.

*Austin E. Richards* and *Joseph H. Collins*, for appellee.

McALVAY, J. The claim in dispute in this case is for services rendered by claimant and his wife for Mrs. Reidy, amounting to $730, $355 of which is for services by plaintiff's wife before the death of Mr. Reidy, and the balance, $375, for services by claimant and his wife for Mrs. Reidy after Mr. Reidy's death. The larger part of the charges is for the claimed services of claimant's wife in the nature of domestic services and nursing; the latter rendered both to Mr. and Mrs. Reidy.

Michael Reidy and his wife, Emma, owned and occupied a two-story brick building in the village of Corunna. The ground floor was used for a drug store and the second story as a residence by them. Mr. Reidy died March 20,

1907. Mrs. Reidy died December 26, 1908. The claim in dispute was presented to the commissioners on claims in said estate, and allowed but with slight deduction. The administrator appealed from such allowance to the circuit court. The case was tried before a jury in the circuit court and a judgment recovered by claimant for $622.68, which includes some interest. On account of errors claimed to have been committed upon this trial, the administrator has brought the case here by writ of error.

The facts necessary to be stated are: That Mr. and Mrs. Reidy lived at the place mentioned, and for many years an intimate friendship existed between them and plaintiff's wife. From her earliest childhood she spent much of her time with them. They had no children and the girl was at their home daily, staying frequently all night, and always doing little services about the house and store up to the time of her marriage. This was known to her parents and permitted by them, and no charge was ever made or expected as payment for what she did. The two families lived near each other and there was a path across lots between their homes. No demand was ever made of Mrs. Reidy for the services set forth in the claim in suit, and no charge was ever made by claimant at the time services were rendered.

The argument of contestant and appellant considers the claim under two divisions.

(1) Claims for services rendered before Mr. Reidy's death.

(2) Claims for services rendered after his death.

He urges that in each case it was necessary to show an express contract. A motion was made by contestant to take both classes of claims from the jury for the reason that no express contracts were shown.

Whatever contracts or agreements were entered into with Mrs. Reidy, relative to the nursing and domestic services charged for, were made with his wife acting for him, and were proved by her testimony alone. Claimant also testified in the case stating that he knew of these

services rendered by his wife, and looked to and relied upon Mrs. Reidy to pay him, and to no one else. The testimony of both these witnesses was admitted over the objection and exception of appellant, on the ground that both were incompetent witnesses under the statute (section 10212, 3 Comp. Laws, as amended by Act No. 30, Pub. Acts 1903); the claimant, because such matters were equally within the knowledge of the deceased; and his wife, because she acted as his agent in making the contracts involved in this suit.

The court not only overruled the objections made and refused later to strike out the wife's testimony, but directly charged the jury that they must find an express contract from the evidence in the case between Mrs. Reidy and claimant's wife, relative to charges for nursing Mr. Reidy, to charge her individual estate for such services or claimant could not recover; thereby recognizing the agency of claimant's wife. The court was in error. The wife was not a competent witness to testify as to these contracts. *Gustafson* v. *Eger*, 132 Mich. 390 (93 N. W. 893); *Finn* v. *Sowder's Estate*, 139 Mich. 623 (103 N. W. 177); *Locklund* v. *Burman's Estate*, 146 Mich. 233 (109 N. W. 255), and cases cited.

The court was also in error in allowing claimant to testify relative to his knowledge that his wife performed the services for deceased as set forth in his claim, which must have been equally within the knowledge of the deceased; and also to answer the question, "To whom did you look and rely for pay for those services," and all other testimony of like character given by him. This rule is so well established by the numerous decisions of this court in construing this statute that citations are unnecessary.

The claim for services rendered during the lifetime of Mr. Reidy was, under the circumstances of this case, not a valid claim against the estate of Mrs. Reidy. There is no evidence in the case to make it such. She was at the time a married woman, and the claimed contract was not relative to her separate estate. It was a debt of the hus-

band. *Buck* v. *Haynes' Estate,* 75 Mich. 397 (42 N. W. 949). The proof of claims accruing after the husband's death against this decedent's estate depended entirely upon the testimony of the claimant's wife. The question of her competency covers all of her testimony, and left such claims not proved. Some other questions are presented, but do not require discussion.

For the errors pointed out, the judgment of the circuit court is reversed, and a new trial ordered.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.