SCHULTZ v. POMPLON'S ESTATE.

HUSBAND AND WIFE—CONTRACTS—LIABILITY OF MARRIED WOMAN.
    A married woman is not liable on her promise to pay for services rendered to her husband and herself, since said contract did not relate to her separate estate, and the husband alone was liable therefor.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted April 15, 1924.     (Docket No. 76.)     Decided June 2, 1924.     Rehearing denied July 24, 1924.

Emma Schultz presented a claim against the estate of Louise Pomplon, deceased, for services rendered. The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court.     Judgment for plaintiff.     Defendant brings error.     Reversed.

*Fritz Hailer (William E. Henze,* of counsel), for appellant.

*Myron J. Dikeman,* for appellee.

FELLOWS, J.   Deceased, Louise Pomplon, and her husband, John Pomplon, were the aunt and uncle of the plaintiff.   They lived on a farm of 20 acres a short distance out of Detroit.   It is the claim of the plaintiff, and testimony was given tending to support her claim, that for a great many years she assisted them by making clothes, bedding and other articles used by them in their home, and that she frequently did their washing and performed other services for them in her home and at their farm; that they both promised that she should be paid for such services when they were through.   Plaintiff's claim is that the testimony is open to the inference that the agreement with them was to the effect that the survivor should compensate her by will, and the evidence is doubtless open to such inference.   John Pomplon died January 12, 1918, leaving some $4,000 in the bank. His estate was duly administered but no claim against it of any kind was filed by plaintiff.   She performed no services for Louise after the death of John for which she claims compensation.   Louise died in 1921 and this claim against her estate was filed to recover for the services performed for both Louise and John during their lifetime and while they were living together as husband and wife, from the date Act No. 196, Pub. Acts 1911 (3 Comp. Laws 1915, § 11478), took effect to the date of the death of John Pomplon. Plaintiff recovered $1,323.25 in the court below and the executor brings the case here.

We shall consider but one question as that will dispose of the case.   This court has frequently been called upon to determine the enforceability of varying types of contracts of married women.   In many cases the particular contracts before the courts have been held enforceable; in many others the particular contracts before the court have been held unenforceable. The question before us for solution is, Into which

227—Mich.—20.

class does the contract here before us fall? In *Campbell* v. *White,* 22 Mich. 178, it was held competent for a married woman to bind herself and her separate estate for goods purchased by her for use in the family. It was pointed out that she had the right to purchase property and bind herself for the payment of its price, and it was unimportant what she did with it afterwards. In *Hirshfield* v. *Waldron,* 83 Mich. 116, a married woman was held liable for a suit of clothes purchased for her son, and in *Meads* v. *Martin,* 84 Mich. 306, a married woman was held liable for medical services and supplies and for groceries furnished her. But in each of these cases the credit was extended solely to her and the contract was with her alone.

The case most strongly relied upon by counsel for the plaintiff is *In re De Spelder's Estate,* 181 Mich. 153. But in that case the wife was the head of the family and the contract was made with her alone and this was pointed out as clearly distinguishing the case from *Kirt* v. *Kropp,* 110 Mich. 51, to which we shall presently refer. The *De Spelder Case* was followed in *Fox* v. *Schumann,* 191 Mich. 331, where it was again pointed out that there was testimony that the contract was made with the wife in the absence of her husband and upon her own responsibility, and that she was the owner of the property and the dominant factor in the home.

In *Howe* v. *North,* 69 Mich. 272, plaintiff brought the action against her mother to recover for board and care of her mother, father and their incompetent son. She claimed an express contract with her mother to pay for the same, although she further testified to an agreement with both her father and mother. After discussing some of the cases in which liability of married women had been sustained, it was said:

"But the contract upon which the plaintiff seeks to recover in this case is not a contract of purchase of

property.    It in no manner related to her sole property.    The husband was bound to provide for his wife and family.    This duty the law cast upon him. The defendant was a married woman, and she had not the power to make an executory contract not directly connected with her property or estate.    *   *   *

"Even if the defendant contracted with the plaintiff for the board of her husband, son, and herself, with the understanding she was making a personal contract which would be binding upon her and her estate, she simply became responsible for the debt and default of another, and occupied the position of surety for her husband, and such a contract she had not the power to make."

In *Kirt* v. *Kropp, supra*, the plaintiff sued defendant, a married woman, for domestic service in the household.    The husband owned the farm during the major portion of the time the services were performed but later deeded it to the wife.    Plaintiff testified that both defendant and her husband promised to pay her. It was held that plaintiff might recover for the services after defendant had received the deed to the farm and for money loaned her, but that her contract before that time was not enforceable.    In *Buck* v. *Haynes' Estate*, 75 Mich. 397, it was held (we quote from the syllabus) :

"The promise of a married woman to pay for medical services rendered to her husband is not binding, it not being a contract relating to or benefiting her separate estate."

And in *Re Reidy's Estate*, 162 Mich. 154, it was held (we again quote from the syllabus) :

"A wife is not liable for services rendered to her husband in nursing either member of the family during his lifetime, since the contract does not concern her separate estate and the husband alone is liable."

In *Speier* v. *Opfer*, 73 Mich. 35 (2 L. R. A. 345, 16 Am. St. Rep. 556), it was held that a married woman was not liable upon a joint contract with her

husband for improvements upon real estate held by them as tenants by the entirety.     To the same effect is *Curtis* v. *Crowe,* 74 Mich. 99.

In the instant case John Pomplon was primarily liable to plaintiff for all the services she performed. He agreed to pay for them.     Under the testimony Louise Pomplon also agreed to pay for them.     Under the authorities she, being a married woman when she made such agreement, was not bound by it.     The trial judge should have directed a verdict for the estate.

The judgment will be reversed and a new trial granted.     The estate will recover costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.