MASER *v.* GIBBONS.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE AS TO A MATERIAL FACT.
   Under Court Rule No. 30 (1933), a summary judgment should not be entered where an issue as to a material fact is raised by the pleadings and affidavits.

2. SAME—ASSUMPSIT—SUMMARY JUDGMENT—BREACH OF WARRANTY AS TO INCUMBRANCES.
   In action of assumpsit for breach of warranty against incumbrances, contained in warranty deed, defendant *held*, entitled to go to trial on issue framed in pleadings and affidavits on whether conveyance in question was made in fulfillment of land contract pursuant to which it had been given, hence plaintiff was not entitled to summary judgment.

3. VENDOR AND PURCHASER—INCUMBRANCES—BREACH OF WARRANTY.
   Incumbrances created, induced, or suffered by the purchaser or his assignee under a land contract cannot be urged by him as an objection to the title, nor do they constitute a breach of warranty in vendor's deed given in pursuance of the land contract.

Appeal from Ingham; Hayden (Charles H.), J. Submitted April 29, 1937. (Docket No. 90, Calendar No. 39,398.) Decided June 29, 1937.

Assumpsit by John J. Maser and wife against Edward L. Gibbons and wife upon a warranty in a deed. From a summary judgment against Edward L. Gibbons only, he appeals. Reversed and remanded for trial.

*Shields, Ballard, Jennings & Taber (David R. Bishop,* of counsel), for plaintiffs.

*C. F. & E. T. Hammond (Henry L. Schram,* of counsel), for defendant.

BUSHNELL, J. Defendant Edward L. Gibbons appeals from a judgment of $975.48 and costs entered upon plaintiffs' motion for summary judgment; judgment was not entered against Mrs. Gibbons.

Plaintiff's affidavit says:

"That on June 16, 1928, Edward L. Gibbons and Minnie Gibbons of the city of Lansing, Michigan, conveyed to himself and his wife, Bess F. Maser, by warranty deed, premises described as: Lot 78 of the plat of Chesterfield Hills No. 1, in the city of East Lansing, Ingham county, Michigan, a verified copy of said deed being attached hereto marked Exhibit 'A,' and made a part hereof; that said conveyance was made upon a valuable consideration then in hand paid by himself to Edward L. Gibbons in the form of a check in the amount of $6,254.59, on the American State Savings Bank of Lansing, Michigan, dated June 16, 1928, and which was later paid by said bank on June 23, 1928, a verified copy of said check being attached hereto marked Exhibit 'B' and made a part hereof; that under said warranty deed said defendants did covenant, grant, bargain and agree to and with the plaintiffs, their heirs and assigns, that at said time the said premises were free from all incumbrances whatever except a mortgage given to A. J. Nash, administrator with the will annexed of the estate of Frank A. Spragg, deceased, for $5,000, and the said defendants in said deed agreed that they would warrant and defend the said premises against all lawful claims whatsoever except said mortgage.

"Affiant further says that upon investigation subsequent to June 16, 1928, he found that the State,

county, city, school and other taxes for the years 1926 and 1927, assessed against said premises, were unpaid and constituted a lien and an incumbrance thereon under the laws of the State of Michigan, by reason of which the defendants at the time of executing and delivering their warranty deed did commit a breach of their covenants and agreements, and particularly their covenant against incumbrances; that in order to discharge the lien and to protect he and his wife's title to said premises and prevent their being offered for sale pursuant to the tax laws of the State of Michigan, affiant paid said delinquent taxes to the county treasurer as follows: 1926 taxes in the amount of $358.30 were paid on April 30, 1929; 1927 taxes in the amount of $361.75 were paid on February 27, 1930, the receipts showing such payments being attached hereto marked Exhibits 'C' and 'D' and made a part hereof; and that said affiant has demanded that said Edward L. Gibbons and Minnie Gibbons reimburse him for such expenditures but that said Edward L. Gibbons and Minnie Gibbons have neglected and refused to reimburse him, and that there is due and owing to the plaintiffs at the date of this notice with interest the sum of $970.43.

"Affiant further says that he has consulted his attorneys in regard to this matter and is advised that there is no defense to said action, and that it is his belief that there is no defense to said action, and that if sworn as a witness he can testify competently to the facts herein stated as of his own knowledge, and that he makes these statements upon his own personal knowledge."

Exhibits in support thereof are attached to the affidavit.

Defendants' affidavit of merit says:

"That three or four years prior to the making of the deed set forth in the pleadings in this cause and referred to in the affidavit of said John J. Maser,

said premises were sold on land contract by said defendants to one George Spanos;

"That plaintiffs, two or three years prior to the execution of said deed had taken assignment of the vendees' interest in said contract as security for loans made by said plaintiffs to said George Spanos;

"That shortly prior to the execution of said deed the plaintiffs agreed to loan said George Spanos sufficient moneys to pay said land contract in full, less the sum of $200, more or less, provided that the defendants would assign their vendors' interest in said contract and deed said premises to the plaintiffs; that said $200 deduction was made because said plaintiffs agreed to pay the taxes due on said premises;

"That said plaintiffs then agreed to re-assign the vendees' interest in said contract to said Spanos;

"That on or about June 16, 1928, in pursuance of said transactions and understanding between the parties hereto and the said George Spanos, the defendants did deed said premises to the plaintiffs in full satisfaction of said contract.

"Affiant further says that said plaintiffs prior to said conveyance had held said contract as vendees for a period of three or four years and were cognizant of, and fully knew and understood the terms and conditions of said contract;

"That said contract called for a warranty deed upon its fulfillment, subject to any incumbrances or liens upon said premises due to any act or neglect of said vendees from the date of said contract;

"That the payment of the taxes on said premises for the years 1926 and 1927 was an obligation of the vendee of said contract, under the terms thereof, and that plaintiffs fully knew that said payment was an obligation of the vendees and fully knew that said taxes had not been paid upon the date of said conveyance;

"That upon the date when said taxes fell due, said plaintiffs were the vendees of said contract by virtue of said assignment from said George Spanos.

"Affiant further says that upon the date of said conveyance the plaintiffs had actual knowledge that said taxes had not been paid and the plaintiffs understood and expected to acquire a warranty deed subject to the mortgage set forth in the pleadings herein and further subject to said taxes, but that through a clerical error said exception as to the taxes was erroneously omitted in the drawing of said deed wholly contrary to the intention, the written contract duly assigned, contemporaneous with the execution of said deed, fully setting forth and describing the obligation of said vendee and all persons in privy to him.

"Affiant further says that subsequent to the execution of said deed said George Spanos made payments to the plaintiffs for several years, and that both copies of said contract since the date of said deed, and at the date hereof, are in the possession of said plaintiffs.

"Affiant further says that although said conveyance was made on June 16, 1928, neither said plaintiffs nor anyone on their behalf ever made any claim whatsoever against defendants upon the facts involved in this cause; never requested defendants to pay said taxes, and never made any claim whatsoever against said defendants until the present cause was instituted on June 13, 1934.

"Affiant further says that he has consulted his attorney in regard to this matter and has fully and fairly stated to said attorneys, Eugene T. Hammond and Henry L. Schram, all the facts pertaining to said transaction, and that he has been advised by said attorneys that he has a defense to the entire cause set forth in the plaintiffs' declaration and that if sworn as a witness in this cause he can testify com-

petently to the facts stated herein of his own knowledge and that he makes the statement herein contained upon his own personal knowledge.''

Attached to the foregoing is a supporting affidavit of Spanos.

Was defendant's affidavit of merits sufficient to entitle him to a trial upon the merits in this cause?

Court Rule No. 30 (1933), is determinative in applications for summary judgments, and one should not be entered where an issue as to a material fact is raised by the pleadings and affidavits. *McDonald* v. *Staples,* 271 Mich. 590.

An issue is framed in the pleadings and affidavits on whether the conveyance in question was made in fulfillment of the Spanos contract. We need not search further because the defendant was entitled to go to trial at least on that issue, and a summary judgment should not have been entered.

We express no opinion on any other question raised in this appeal.

The judgment is vacated and the cause remanded for trial. Costs to appellant.

NORTH, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J.

FEAD, C. J. (*concurring*). I concur in reversal. The applicable principle is thus stated in 66 C. J. p. 907:

''Incumbrances created, induced, or suffered by the purchaser under a contract of sale cannot be urged by him as an objection to the title, nor do they constitute a breach of the warranty in the vendor's deed given in pursuance of the contract of sale.''

The rule would apply to an assignee or agent of vendee.

Defendants are entitled to go to trial on all proper issues that may arise.

NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred with FEAD, C. J.