## CITY OF DETROIT v. EISELE.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.

   A summary judgment should not be entered, where an issue as to a material fact is raised by the pleadings and affidavits.

2. HUSBAND AND WIFE—MEDICAL TREATMENT OF WIFE.

   Medical treatment of a wife is a necessity for which a husband is primarily liable, where wife is unemployed and is living with and being supported by her husband.

3. SAME—HOSPITAL EXPENSES OF WIFE—EVIDENCE.

   Evidence presented in action by city against married woman for balance of hospitalization charges for treatment of injuries sustained in an automobile accident, *held*, to show, on view most favorable to plaintiff, that credit was not solely extended to her nor the implied contract with her alone, since payments thereon were made by husband's hospital insurer and plaintiff had also obtained a judgment against the husband for her expenses; hence, summary judgment was properly granted to her.

4. JUDGMENT—JOINT AND SEVERAL LIABILITY.

   A judicial proceeding against 1 of 2 or more parties jointly and severally liable does not bar legal proceedings against the others.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUMMARY JUDGMENT—SUFFICIENCY OF COUNTERAFFIDAVIT.

   Determination as to sufficiency of plaintiff's counteraffidavit in opposition to defendant's motion for summary judgment need not be made, where it would not alter decision reached (Court Rule No 30, § 4 [1945]).

   DETHMERS, C. J., and BLACK and KAVANAGH, JJ., dissenting.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 342.
[2, 3] 26 Am Jur, Husband and Wife §§ 338, 381.
   Implied or ostensible authority of wife as agent for husband to engage medical services. 71 ALR 659.
[4] 30A Am Jur, Judgments §§ 407, 410.
   Judgment against less than all parties to contract as bar to action against others. 1 ALR 1601.
[5] 3 Am Jur, Appeal and Error § 849.

Appeal from Wayne; Wise (John M.), J. Submitted October 4, 1960. (Docket No. 5, Calendar No. 48,601.) Decided April 26, 1961.

Assumpsit by City of Detroit, a municipal corporation, against Virginia Eisele for balance due on hospital bill. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Nathaniel H. Goldstick*, Corporation Counsel, *John F. Hathaway* and *John D. O'Hair*, Assistant Corporation Counsel, for plaintiff.

*Leib & Leib* (*Meyer W. Leib*, of counsel), for defendant.

KELLY, J. Defendant was hospitalized at the Detroit Receiving Hospital for injuries sustained in an automobile accident. At the time she was an unemployed married woman, with 2 children, whose only means of support was her husband's earnings.

Plaintiff, city of Detroit, commenced suit against defendant for the balance due on the hospital bill in the amount of $5,905.70. Defendant's husband's Blue Cross insurance had paid approximately $7,000 toward the bill. In its declaration plaintiff alleged the hospital and medical services were rendered at the request of defendant and her husband and that she expressly or impliedly promised to pay.

Defendant filed her answer denying she had requested the services or that she had promised to pay for them, either expressly or impliedly, and, also, filed a motion for summary judgment. In her accompanying affidavit she denied that she had ever orally or in writing promised to pay and that credit was not extended to her but to her husband; that she was a married woman with 2 children living with her husband with no visible means of support other

than her husband's earnings; that Blue Cross insurance carried by her husband paid a substantial portion of the hospital bill, and that plaintiff had commenced suit against her husband for the balance due.

Plaintiff's counteraffidavit stated that services were not furnished gratis and that credit was extended to both defendant and her husband. In its brief, plaintiff admits it does not rely upon an express promise to pay but, on the contrary, relies upon the appellee's implied promise to pay.

The lower court granted a summary judgment of no cause of action in favor of defendant, from which plaintiff appeals contending: (1) the pleadings and affidavits create a material issue of fact precluding the granting of a summary judgment; (2) that commencing of legal action against defendant's husband individually did not bar a proceeding against defendant, who is jointly and severally liable, and (3) that a statement in the court's judgment to the effect that plaintiff's counteraffidavit did not meet the prerequisites of Court Rule No 30, § 4 (1945), was error.

A summary judgment should not be entered where an issue as to a material fact is raised by the pleadings and affidavits. *Maser* v. *Gibbons,* 280 Mich 621.

Does plaintiff's counteraffidavit and pleadings create a material issue of fact which would preclude a summary judgment?

Medical treatment is a necessity for which a husband is primarily liable. *In re LaFreniere's Estate,* 323 Mich 562. The following cases indicate that a wife can bind her separate estate for necessities, but in each case it was shown that the wife expressly requested the service and that credit was extended solely to her and the contract was with her alone. *Paul* v. *Roberts,* 50 Mich 611; *Campbell* v. *White,* 22

Mich 178; *Carstens* v. *Hanselman,* 61 Mich 426 (1 Am St Rep 606).

In the case of *Schultz* v. *Pomplon's Estate,* 227 Mich 304 (36 ALR 387), plaintiff performed domestic services for her aunt and uncle. The testimony showed that both the aunt and uncle promised she would be paid. The uncle died first, but plaintiff made no claim against his estate. Upon the subsequent death of the aunt, however, she filed a claim against the estate for services performed while both the aunt and uncle were living, contending there was an inference that she was to be compensated in the survivor's will. We held (pp 305, 306, 308):

"We shall consider but 1 question as that will dispose of the case. This court has frequently been called upon to determine the enforceability of varying types of contracts of married women. In many cases the particular contracts before the courts have been held enforceable, in many others the particular contracts before the court have been held unenforceable. The question before us for solution is, into which class does the contract here before us fall? In *Campbell* v. *White,* 22 Mich 178, it was held competent for a married woman to bind herself and her separate estate for goods purchased by her for use in the family. It was pointed out that she had the right to purchase property and bind herself for the payment of its price, and it was unimportant what she did with it afterwards. In *Hirshfield* v. *Waldron,* 83 Mich 116, a married woman was held liable for a suit of clothes purchased for her son, and in *Meads* v. *Martin,* 84 Mich 306, a married woman was held liable for medical services and supplies and for groceries furnished her. But in each of these cases the credit was extended solely to her and the contract was with her alone.   *   *   *

"In the instant case John Pomplon was primarily liable to plaintiff for all the services she performed. He agreed to pay for them. Under the testimony

Louise Pomplon also agreed to pay for them. Under the authorities she, being a married woman when she made such agreement, was not bound by it. The trial judge should have directed a verdict for the estate."

In *Carstens* v. *Hanselman, supra,* plaintiff, a physician, commenced an action against defendant for medical services. The defendant had been deserted by her husband 9 or 10 years prior thereto, and she supported herself. The Court found there was sufficient evidence of a contractual relation providing she was capable of binding herself. In deciding that defendant could bind herself, the Court stated (pp 429, 430):

"That the medical services rendered were in a proper sense necessaries cannot be questioned. As such, it is possible the husband might be responsible. But he was entirely unknown in this transaction, and was not referred to by anyone, and plaintiff had never heard or supposed there was such a person. Our statutes, before we had any law enlarging the business rights of married women, contained liberal provisions to enable women who were deserted to act for themselves. Since their rights have been put under their own control, they have had general power to contract concerning their own property, and have been authorized to sue singly for all causes of action, and to be sued separately for all their torts. Their power to make any kind of purchases on their own credit has been fully recognized: *Paul* v. *Roberts,* 50 Mich 611; *Campbell* v. *White,* 22 Mich 178. And while they have not a general power to make agreements of all kinds, we think they must necessarily be able to make contracts concerning what it is essential for their safety and security for them to procure. Section 6298 of Howell's Statutes [CL 1948, § 557.4 (Stat Ann 1957 Rev § 26.163)] makes a wife liable to be sued upon any contract on which her husband is not liable, or where he refuses to perform it.

"Where a husband utterly deserts his wife, it would be a cruel rule for her if she cannot, in his absence, at least, or in his presence, if he does not himself provide for her, make a binding agreement for any necessary, whether articles to be purchased or professional help, without becoming a public charge. It is not to be expected that physicians and surgeons will always feel bound to render gratuitous treatment to injured persons, and when the occasion is pressing it would be unreasonable to delay until an absent husband is communicated with to learn whether he consents or refuses to assume her contracts. Time will not allow minute inquiries, and humanity will not prompt them. It seems to us that no sensible line can be drawn between contracts for food and clothing and contracts for medical aid. It is not going out of the way to regard a husband who deserts his family, and does nothing for their support, as refusing to perform the contracts of his wife for necessaries. Such stubborn and wilful neglect is treated as equivalent to a refusal in most cases of dereliction of duty, and there is no reason for making an exception in such a case as this. We think the contract was binding."

The instant case is not one where the husband was not liable, nor where he refused to perform. Furthermore, taking the view most favorable to plaintiff that there was an implied promise to pay, the credit was not solely extended to defendant nor was the contract with her alone, as evidenced by the payments of the Blue Cross insurance and plaintiff's suit against defendant's husband (which has ripened into judgment).

The lower court did not err in granting a summary judgment in favor of defendant.

We agree with plaintiff that a judicial proceeding against 1 of 2 or more parties jointly and severally liable does not bar legal proceedings against the others. In this case, however, defendant wife did not

become liable, either jointly or severally, for reasons previously stated herein.

The question has been raised as to the sufficiency of plaintiff's counteraffidavit under the applicable court rule.* We do not think it necessary to give consideration to such matter for the reason that, if plaintiff's statement in its affidavit is insufficient, such fact would not alter the decision reached herein.

Judgment affirmed.

CARR, SMITH, EDWARDS, and SOURIS, JJ., concurred with KELLY, J.

BLACK, J. (*dissenting*). Defendant's motion for summary judgment is unsupported save only by her own summary affidavit. If she is entitled to judgment upon the motion, the following portion of such affidavit—and that only—satisfies the rigorous requirements of Court Rule No 30 (1945):

"4. That defendant at no time promised to pay said hospital bill, orally or in writing, nor was credit extended to her, but to the contrary was extended to her husband."

Plaintiff responded with an equally conclusionary affidavit, the countering allegation of which reads:

"2. That the aforesaid hospitalization and medical care were not furnished gratis by plaintiff to the defendant; and, the credit therefor was extended by the plaintiff to both the defendant and her husband, John Eisele, jointly and severally."

Summary justice by summary judgment is extraordinary. It should be restricted to cases where the moving party's showing, of an outright absence of issues of fact, is so clear as to oust all reasonable doubt upon that score. Here defendant's affidavit in

---

* See Court Rule No 30, § 4 (1945).—REPORTER.

quoted regard is no more than an allegation of mixed fact and law such as one finds in common-law pleadings. It presents no testimonially related facts upon which the trial court might properly have found, as a matter of law, that defendant was a complete stranger, contractually, to the joint and several undertaking plaintiff alleges in its declaration.

This is the rigid intent of the rule. I would adhere to it the better to avoid even the appearance of justice hastened unto "quick justice." Lawyers and laymen know from hard experience the injustice of delayed justice. They do not yet know, quite so well at least, the injustice of justice mechanized into production schedules by these new-fangled methods of trying cases without trials. The latter may do away —superficially—with the need for more judicial manpower and yet harm the cause of true justice.

This dissent holds no brief for the correspondingly conclusionary affidavit plaintiff filed *contra*. But that factor extends defendant no aid. Defendant is the moving party and entitled to summary judgment —if at all—solely on the strength of her quoted affidavit; not the weakness of an opponent affidavit.[*]

I would reverse, offering in explanation of this and like compendiums the apparently unpalatable "prescription" Chief Justice Dethmers wrote last year for appellate judges—himself included. Here is the prescript, headed "Shorter Opinions":

"With respect to time consumed in preparation of opinions, lawyers will perhaps suggest that judges could afford themselves some relief by producing shorter opinions and sticking, as they should in the

---

[*] "The burden of establishing the nonexistence of a genuine issue of fact which would warrant the granting of a summary judgment is always on the moving party. If from the facts presented to the court at the hearing on the motion for summary judgment there appears doubt as to whether or not there are controverted issues of material facts, the motion for summary judgment should be denied." Author's comment, Honigman's Michigan Court Rules Annotated, p 301.

interests of accurate pronouncements of the law, to writing succinctly and exclusively on the issue in need of decision, without further gratuitous offerings. Time. of the court is wasted and the door thrown open. to needless error in the development, and exposition of the law, when judges write one. word more than that which is necessary to decide the case. In writing opinions, they must rigorously resist, as some of them do not, the temptation to indulge a sense of humor or a taste for general literature. In the current effort to find additional aids and means to facilitate the flow of litigation through the courts, here is a 'do it yourself' prescription for the appellate judges." March issue, 1960, The Annals of the American Academy of Political and Social Science, p 158.

DETHMERS, C. J., and KAVANAGH, J., concurred with BLACK, J.