# JUNE TERM, 1915.*

---

HELMER *v.* VAN WORMER.

1. EQUITY—PRACTICE—EVIDENCE—SWORN ANSWER.
   A sworn answer filed in a suit to foreclose a mortgage had the force of evidence only as to admissions, though the bill required that the answer be under oath.

2. WITNESSES — HUSBAND AND WIFE — ESTATES OF DECEDENTS — PAYMENT—MATTERS EQUALLY WITHIN THE KNOWLEDGE OF DECEASED.
   Evidence in a foreclosure proceeding by the defendant and his wife that one of the mortgagees, since deceased, had received payment of $1,000 upon the instrument, was incompetent, under 3 Comp. Laws, § 10212 (5 How. Stat. [2d Ed.] § 12856).

3. SAME—WAIVER—PLEADING—EVIDENCE.
   The effect of calling for a sworn answer in complainant's bill was not to waive the statutory prohibition as to testimony relating to matters equally within the knowledge of deceased.

Appeal from Tuscola; Beach, J.   Submitted April 8, 1915.   (Docket No. 24.)   Decided June 14, 1915.

Bill by Kate Helmer against Norwood Van Wormer and another to foreclose a mortgage.   From a decree for complainant for less than the amount claimed, she appeals.   Modified and affirmed.

*Fred H. Warren* (*W. J. Spears,* of counsel), for complainant.

*Quinn, Wixson & Quinn,* for defendants.

---

* Continued from Vol. 186.

MCALVAY, J.    Complainant filed her bill of complaint to foreclose a certain mortgage for the sum of $1,600 given by defendants on their property located in Tuscola county to Theodore Helmer (deceased) and complainant, claiming a balance due of $1,100, with interest. Defendants answered the bill of complaint. An issue was joined, and a hearing of the case resulted in a decree in complainant's favor for $524.65. From this decree she has appealed.

The facts in the case necessary to be stated are as follows:

On February 19, 1908, complainant and her late husband, Theodore Helmer, loaned to defendant Norwood Van Wormer $1,600, taking his promissory note therefor, due 10 years after date, with interest at the rate of 5 per cent., payable annually, secured by the mortgage in question, executed by said defendant Van Wormer and Maria Van Wormer, his wife. It was agreed in the mortgage that payments of $100, or any multiple thereof, might be made at any interest-paying period.

Theodore Helmer died intestate in the city of Detroit, May 8, 1912, and his estate was duly administered in Wayne county. He left complainant, his widow, and no children, surviving him. His estate consisted solely of an undivided one-half interest in the note and mortgage above mentioned, upon which $500 of the principal had been paid with interest to February 19, 1912, leaving $1,100 of the principal sum unpaid, one-half of which, $550, was inventoried by the administrator as the sole asset of said estate. During the administration of said estate the probate court, upon a petition filed by complainant, his widow, made an order allowing her the sum of $25 per month for maintenance and support, to continue for not more than one year from the date of death of deceased.

Later, on April 28, 1913, the widow presented to the probate court a petition showing the inventory, the appointment of commissioners on claims, an allowance of claims by said commissioners to the amount of $386.25, that no part of said claims had been paid, and that the estate was insolvent, the entire estate being the undivided one-half of the note and mortgage described; that on May 8, 1913, interest amounting to $67.06 would accrue, which, with the unpaid principal, would make the total value of the note and mortgage $1,167.06, making the interest of the estate therein $583.53. The petition also alleged the allowance for her support heretofore mentioned, amounting to $300, and she elected to take her statutory allowance of $200 from said mortgage. She prayed the court that the administrator be ordered to assign the interest of the estate in and to the note and mortgage to her in payment of said allowances above mentioned, upon her payment into court, or to the administrator, the sum of $83.53, the difference between the allowances and the value of one-half of the note and mortgage.

This petition came on to be heard May 7, 1913, and an order was made and entered by the probate court granting the prayer of the petition. On May 20, 1913, complainant paid the administrator, according to the terms of said order, $83.53, and received from him an assignment of an undivided one-half of the note and mortgage belonging to the estate. Afterwards, on July 8, 1913, the administrator, having rendered his final account, was discharged by the probate court, his bond canceled, and said estate was closed.

On May 23, 1913, complainant, having put the matter into the hands of her solicitor for collection and foreclosure, defendant Van Wormer was notified by registered letter of that fact and of the balance claim-

ed to be due on the note and mortgage. On May 25th he replied that he held receipts given to him by Theodore Helmer (deceased) for $1,500 and had tendered the balance to complainant. On May 27th following counsel for complainant again wrote to Van Wormer, repeating that only $500 was indorsed on the note as payment on the principal, and requested a copy of the receipt for the additional $1,000, inclosing a stamped and addressed envelope for reply. He received no reply to this letter, and on June 16, 1913, again wrote, making the same request, stating that the expense of foreclosure was undesirable if it could be avoided. A prompt reply came to this letter, as follows:

"Mrs. Helmer knows all about it, and where they are, and has looked them over. If you want to know anything about them, you ask her."

A few days later counsel for complainant wrote to the attorney for defendant, who is counsel in the present case, a letter of considerable length, reciting his correspondence with Van Wormer, asking for a copy of the receipt in question. The attorney replied promptly, stating:

"It is just a regular receipt for $1,000 to apply on mortgage, signed by Theodore Helmer."

Upon the hearing of the case complainant introduced the note, the mortgage, the necessary exemplifications of records of the probate court for the county of Wayne, the assignment of the administrator to complainant, and the computation of the balance due. Defendants, as witnesses, admitted the execution of the note and mortgage and that the $1,600 was received by Mr. Van Wormer.

The claim was made by defendants that at the time the note and mortgage were given there was an agreement made with Theodore Helmer (deceased), one of the mortgagees, that when defendants had paid $600 on the principal and the interest on the

entire sum the mortgage was to be discharged. The alleged consideration for this promise was that years before (1871 to 1884) defendant Van Wormer had cared for, supported, and educated an infant son of Helmer, named Charles, who had been brought to the home of Thomas Van Wormer, the father of defendant Norwood, when about two years old.

The record shows that Theodore Helmer, deceased, and Norwood Van Wormer, were half-brothers, and it also appears that the son of Theodore was taken by him to his mother, then Mrs. Thomas Van Wormer, in 1871, when about 2 years old, and left with her for some years under some indefinite arrangement made by Theodore Helmer. In 1871, when Charles came to live with his grandmother, Norwood Van Wormer was about 13 years old.

The receipt for $1,000, upon which defendants rely as carrying out the agreement claimed to have been made with Theodore Helmer, at the time the mortgage was given, that the mortgage was to be discharged when $600 on the principal and all interest had been paid, was offered in evidence, and reads as follows:

"DETROIT, March 9, 1911.

"Received of Norwood Van Wormer $1,000 to apply on his mortgage.

"THEODORE HELMER."

It is the claim of defendant Van Wormer that this receipt was given to him on the date it bears by Theodore Helmer at Van Wormer's request, under the following circumstances: Van Wormer had come to Detroit and paid Helmer on this mortgage $68. On their way back from a visit to the cemetery, Van Wormer testified that he said to Helmer:

" 'If you intend to do as you agreed with me, why not give me a receipt for this money that you are going to give me on the mortgage?' He says, 'I will;'

he says, 'When we get down town, we will stop in some place and write it.' "

He says they stopped at a place where Helmer was acquainted. Van Wormer relates that he had a piece of paper in his pocket upon which he wrote this receipt, and Helmer then signed it.

During the trial objection was made by counsel for complainant to the testimony of the defendants as to all matters equally within the knowledge of the deceased, because incompetent under the statute. The only argument made by counsel for defendants against this objection is that it was waived by complainant in demanding in her sworn bill of complaint a sworn answer by defendants.

Chancery Rule 10, subd. "*a*," reads as follows:

"Whenever in a cause a sworn bill of complaint is filed and a sworn answer demanded, the defendant shall be required to file such sworn answer. But neither a sworn bill, nor a sworn answer, shall have the force of evidence, except as to admissions and except on the hearing of motions and petitions: Provided, however, that when a cause is heard on bill and answer the allegations of the answer shall be taken as true."

In the instant case the cause was heard upon an issue joined between the parties and the proofs were taken in open court. The rule provides in unambiguous terms:

"But neither a sworn bill, nor a sworn answer, shall have the force of evidence, except as to admissions."

To that extent and no further under this rule does a sworn answer have the force of evidence.

As to all other matters the ordinary rules of evidence must be applied in taking proofs in such a cause, and all evidence offered must be competent. The statute invoked (section 10212, 3 Comp. Laws; 5 How. Stat. [2d Ed.] § 12856), which is too familiar

to require quotation, makes both defendants incompetent to testify as to matters equally within the knowledge of Theodore Helmer, deceased. One of the most recent applications of this statute is found in the case of *Shepard* v. *Shepard,* 164 Mich. 183, 196 (129 N. W. 201), where the authorities are cited. This removes from our consideration in this case all of the testimony of defendants, Van Wormer and wife, relative to the so-called $1,000 agreement, wherein it is claimed that at the time of the execution of the note and mortgage Helmer orally agreed that, when defendants had paid $600 on the principal and all accumulated interest, he would cancel and surrender the note; also all testimony relative to the alleged consideration for said promise; also all of defendant Van Wormer's testimony as to the execution and delivery of the receipt for $1,000 claimed to have been signed and delivered to him March 9, 1911.

The elimination of this incompetent testimony leaves the case made by complainant undisputed. There was no competent evidence in the case to show that any part of the balance claimed to be due on this mortgage, with interest, had been paid. Complainant was entitled to recover the full amount of the balance of $1,100 due and unpaid on said mortgage, with interest at 5 per cent.

The decree of the circuit court will be modified to that extent, and the decree will be entered in this court for said full amount, with interest, and costs of both courts in favor of complainant.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.