POMEROY v. EVERETT.

1. HUSBAND AND WIFE — MARRIED WOMEN — BILLS AND NOTES — CONSIDERATION—SEPARATE ESTATE.

In an action by the administrator of an estate on joint notes given to deceased by defendant husband and wife, evidence that defendant wife recognized her indebtedness in conversation with the administrator and in a claim filed by her in probate court, was sufficient to take the case to the jury on the question as to whether she received the consideration for the notes. OSTRANDER, J., dissenting.

2. WITNESSES—BILLS AND NOTES—CONTRACTS—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In such action, the defense being that the wife was re-

lieved from liability because she was a married woman
and the consideration did not go to her separate estate,
and further, that the obligation was discharged by. fur-
nishing board and lodging to deceased in pursuance of
an oral agreement, both the husband and wife, being par-
ties to the contract, were incompetent to testify to said
defense under the provisions of section 12553, 3 Comp.
Laws 1915, prohibiting testimony as to matters equally
within the knowledge of the deceased.

3. SAME—PRINCIPAL AND AGENT—ESTATES OF DECEDENTS.

The statute declaring any person who acted as agent to be
incompetent to testify to any contract in suit claimed
to have been made with deceased, the wife was incom-
petent to testify to said alleged oral agreement claimed
to have been made by her as agent of her husband.

4. TRIAL—MARRIED WOMEN—INSTRUCTIONS.

It was not error for the trial court to instruct the jury
that defendant wife should be held liable as joint maker
of the notes sued on if there was any evidence that she
received the consideration for the notes, and that it would
not have to be very much evidence because no evidence
had been introduced on the part of defendant. OSTRANDER,
J., dissenting.

Error to Cass; Des Voignes, J. Submitted January
4, 1917. (Docket No. 26.) Decided March 29, 1917.

Assumpsit by George T. Pomeroy, administrator
with the will annexed of the estate of Albert R. Shaw,
deceased, against Edgar C. Everett and another upon
two promissory notes. Judgment for plaintiff. De-
fendants bring error. Affirmed.

*David Anderson,* for appellants.

*John R. Carr* and *A. Lynn Free,* for appellee.

STONE, J. Action of assumpsit brought by the ad-
ministrator of the estate of Albert R. Shaw, deceased,
against the defendants to recover the amount of two
promissory notes payable to the said Albert R. Shaw,
or order, both dated April 10, 1908, one for the sum
of $300, due one year after date with interest at 6 per

·cent. per annum, upon which $15 had been received and indorsed to apply on the interest May 6, 1912; the other note being for $50, due at the same time and bearing the same rate of interest as the other note, upon which was indorsed $5 to apply on the interest May 6, 1912. Both notes were signed by both of the defendants as makers thereof. The defendants are, and were at the time the notes involved in this suit were made, husband and wife. The notes were given for money loaned by Albert R. Shaw. He died in December, 1913, testate, and the plaintiff was appointed administrator of his estate. He attempted to collect the notes from the defendants, and first demanded payment in March, 1914. They refused payment, and suit was brought April 7, 1915. Upon the trial the plaintiff recovered a judgment for the full amount of his claim.

Upon the trial it was the claim of the defendants, and they offered to show by their own testimony, that the money for which these notes were given was loaned by Albert R. Shaw to defendant Edgar C. Everett, and that the consideratión did not pass to defendant Orley G. Everett, and therefore she could not be held liable on the notes; that at the time the money was loaned by Mr. Shaw an agreement was made by the defendants and Mr. Shaw that the latter, having no separate home of his own, desired to make his home with the defendants, they being relatives; that he had in fact been making his home with them from about the month of August, 1907, and desired to continue so doing; that he was a carpenter by trade, and intended to go wherever his work might call him, and to come and go to and from the Everett home as his convenience might dictate; that he would keep his things and his room at the Everett home, and have his board there when he pleased, and that when he desired the interest on these notes he would ask for it, and it

should be paid to him; and if at any time he deemed he needed the principal of the $50 note, this should be paid to him on demand. But it was the claim of the defendants that the principal of the $300 note and any part of the principal of the $50 note, and any part of the interest on either note not actually called for, should be the compensation of the defendants for so furnishing a home and board and care for Mr. Shaw. The defendants further claim that they did furnish a home and board, according to the agreement, to an amount considerably exceeding, in fact, the amount of these notes, and that they paid Mr. Shaw whatever he asked them to pay on the notes and fulfilled the arrangement on their parts, and that the notes were thereby paid. The defendants were unable to produce any evidence of this claimed arrangement, except as it rested in the knowledge of the defendants themselves. All such offered testimony on the objection that it was prohibited by the statute the court excluded, so that this claimed arrangement was not submitted to the jury at all.

Upon the trial of the case the plaintiff testified to certain interviews which he had had with the defendant Orley G. Everett relative to the liability of the defendants upon these notes. This witness testified that said defendant had at no time claimed that the notes had been paid; and there was considerable conversation about defendants making a loan at the bank with which to pay the notes. They claimed in the statement to the plaintiff, according to his testimony, that they had some claim against the estate; that there was a balance due them upon book account from Mr. Shaw, and that he had boarded and made his home with them for a time. In these conversations, in referring to the liability of the defendants, Mrs. Everett used the word "we" in speaking of the liability as though it were a joint matter.

The defendant Orley G. Everett filed the following claim in the probate court:

"Estate of Albert R. Shaw, Deceased, in Account with
    Mrs. Orley G. Everett, Marcellus, Mich.
"To amount due for care, attention, washing,
    mending, board and room furnished for said
    deceased at home of claimant from August,
    1907, at different periods up to the time of
    his decease ............................. $500.00

"This item is based upon an arrangement and agreement which existed between the parties as follows:

"In June, 1908, the said deceased had some money, which he delivered over and took claimant's notes which were signed by claimant's husband and herself upon the understanding that should he at any time or intervals desire the interest it would be paid, but that at his death said notes would be regarded as canceled and belong to and become the property of claimant for the furnishing of a home in the manner aforesaid; that claimant did furnish a home and did wash and mend for said deceased and did care for him and look after him and provide him with room and board whenever he wished thereafter.

"ORLEY G. EVERETT."

"STATE OF MICHIGAN,     } ss.:
  "County of Van Buren,  }

"On this 11th day of September, 1914, before me the subscriber, a notary public in and for said county personally appeared Mrs. Orley G. Everett known to me to be the claimant named in and who subscribed the above and foregoing statement of claim and made oath that said estate is indebted to her in the amount above set forth over and above all legal offsets.

"GALE H. CAVANAUGH.
"Notary Public, Van Buren County, Michigan.
"My commission expires February 5, 1917."

This claim was offered in evidence by the defendants on the cross-examination of the plaintiff. The defendants claimed that there was no evidence at all that the consideration for these notes passed to defendant Orley G. Everett, and that the court should

direct a verdict in her favor. The court, however, held that the statement of claim filed in the probate court, together with the testimony of the plaintiff, constituted some evidence that the consideration did in fact pass to the defendant Orley G. Everett, and upon objection by the plaintiff's counsel, the trial court refused to permit defendant Edgar C. Everett to testify in his wife's behalf as to who received the consideration. The court directed a verdict against Edgar C. Everett, and submitted the case to the jury on the question of whether Orley G. Everett received the consideration, and they returned a verdict against both defendants. There was some dispute as to exactly what was stated by the defendants to the plaintiff as to whether they had any offset against the notes. At the close of the plaintiff's case the defendants moved the court to direct a verdict of no cause of action, because it appeared that the defendant Orley G. Everett was the wife of defendant Edgar C. Everett, being a married woman at the time the notes were made, and there was no evidence whatever that the consideration of these notes was for the benefit of her separate estate. This motion was overruled, and defendants excepted. The court also refused, on objection that it was prohibited by the statute, to permit the defendant Orley G. Everett to testify as to what was said between the parties at the time the notes were signed and the money received. The defendants have brought the case here for review upon writ of error, and error is assigned as follows:

(1) In refusing to direct a verdict for defendant Orley G. Everett.

(2) Error in refusing to permit the defendant Edgar C. Everett to testify as to whether or not his wife, Orley G. Everett, received the money borrowed on these two notes.

(3) Error in refusing to permit the witness Orley G. Everett to testify as to what was said between

the parties at the time the notes were signed and the money received.

(4) Error in the charge of the court as given, wherein the court charged the jury as follows:

"Now, gentlemen, as I have said upon this question, if you find under the evidence here any fact or circumstance in the evidence that satisfies your mind by a preponderance of the evidence—and it would not have to be very much evidence, because no evidence has been introduced on the part of the defendant here —but there must be evidence here that satisfies your mind, and which has in it the preponderance, bears the preponderance or weight in your mind, which convinces you that she received the full consideration on these notes, in order to recover as against her. * * * The only question for you to consider so far as this affidavit is concerned, as to whether or not, as I have already stated, it helps you in any way, sets forth in any way or circumstances whereby the defendant can be said to have charged herself as having admitted that she received the full consideration on these notes. While it is the rule that the plaintiff must prove that the wife received a consideration for signing the notes, yet if it appears from any evidence that she did receive the full consideration, then you should find against her as well as her husband."

1. It is the contention of the defendant Orley G. Everett that there was no evidence in the case that she received the consideration for these two notes herself. We think it may be said that, except as testified to by the plaintiff, and as shown by her statement filed in the probate court, there was no evidence that would take the case to the jury upon that subject. We think, however, that there was some evidence upon the subject, as appears by an examination of her claim filed in the probate court, and above quoted. It seems to be a claim filed by her, setting forth that she did furnish a home and render certain services to decedent, and in the jurat to the claim she made oath "that said estate is indebted to her in the amount above set forth over and above all legal setoffs." This, in connection

with the testimony of the plaintiff, which tended to show a recognition of her indebtedness, was, we think, sufficient to carry this question to the jury.

2, 3. The second and third alleged errors may be considered together. The statute prohibiting the admission of testimony in cases of this kind is contained in section 10212, 3 Comp. Laws as amended (3 Comp. Laws 1915, § 12553), also in 5 How. Stat. (2d Ed.) § 12856. This statute has been before this court so many times that we do not deem it necessary to reproduce it here. Both of these defendants were parties to the notes, or contracts, sued upon. It is conceded that the money was procured of the deceased by the giving of these notes. Manifestly, both of these defendants are within the letter of the statute, and we are of opinion they are within the spirit of the statute.

It was held by this court in *Union Trust Co.* v. *Morgans*, 140 Mich. 134 (103 N. W. 568), that in an action by an administrator on a promissory note payable to his decedent, the maker could not impeach his written promise. For the general rule, see *Downey* v. *Andrus*, 43 Mich. 65 (4 N. W. 628).

To have permitted the defendant Edgar C. Everett to testify as to whether or not his wife received the money that was borrowed on these notes, would have been to place the obligation of payment of the notes on either himself or his wife, as he might testify. If, since the signing of the notes, he had become financially irresponsible and his wife still remained responsible, the effect of his testimony would cause the shifting of the liability on the notes from a responsible to an irresponsible party. No one could contradict this evidence but the wife, and her testimony would be inadmissible. The only other party to the contract who was present when it was made was the deceased, and death has closed his mouth. To have permitted either of the defendants to testify as to

matters equally or alike within the knowledge of the deceased upon this material question would have been to permit them to avoid payment of the notes by their own testimony, given in their own interest, and which it was impossible to contradict because of the death of the other party.

We do not agree with counsel for the defendants that Edgar C. Everett was not an interested party upon that question. He was not a third party. He certainly is a proper party to this suit, and is interested upon the question of liability for payment of the notes. The defendant Edgar C. Everett is liable upon the notes upon the face of the record. Is his wife liable? She being a married woman at the time she signed the notes, it is contended that the presumption is that she is not liable. This is so, and, unless the consideration for which the notes were given went to her, she is not liable. If the consideration did go to her, then she would be liable as well as her husband. No one living knows the facts surrounding the transaction or to whom the money was paid except the two defendants. The statute says they cannot testify as to any matters equally within the knowledge of the deceased. We think it was the duty of the administrator to make both parties to the notes defendants, and there is some testimony tending to show that the wife received the consideration for the notes.

If the wife made the arrangement as is claimed by her for her husband relating to the payment of these notes of the husband, then, under the statute, she, as his agent, having made a contract with the deceased would be excluded from testifying; the statute providing that:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf

of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

We have had occasion many times to call attention to this statute as amended. *In re Van Dyke's Estate,* 171 Mich. 195-199 (137 N. W. 79) ; *Helmer* v. *Van Wormer,* 187 Mich. 1, 7 (153 N. W. 1) ; *In re Reidy's Estate,* 162 Mich. 154, 157 (127 N. W. 254). Many other cases might be cited to the same effect.

In any view of this question which we are able to take we are of the opinion that the trial court did not err in refusing to receive the testimony of either of the defendants in the instances ruled upon.

4. There being, in our opinion, a question of fact which took this case to the jury as to the defendant Orley G. Everett, we find no prejudicial error in that part of the charge of the court complained of. The judgment of the court below is affirmed.

KUHN, C. J., and BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred with STONE, J.

OSTRANDER, J. I think there is no testimony which warranted the court in submitting to the jury the question of the liability of the wife.